**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CALEB FARES GIHA,** | ) |
| Petitioner, | ) Case No.: 1:16-CV-00893-DAD-EPG |
| | ) |
| | ) **STIPULATED PROTECTIVE ORDER** |
| | ) |
| **JEFERSON B. SESSIONS III,** | ) |
| Attorney General, | ) |
| Respondent. | ) |
| | ) |

The Court, having reviewed and considered the Unopposed Motion for Protective Order finds good cause for granting the motions.

IT IS ORDERED that the Unopposed Motion for a Protective Order is granted and that the Protective Order agreed to by the parties, as modified by the Court, will be entered.

IT IS FURTHER ORDERED that this Protective Order shall remain in effect through the conclusion of this Action unless modified by the Court.

IT IS FURTHER ORDERED that the following procedures shall govern in this Action:

In the course of discovery, the parties anticipate the production of documents containing identifying information relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records, documents, and databases, some of which are in the possession, custody, and control of the Respondent, Respondent's agents, and Respondent's counsel. Respondent agrees to produce to Petitioner certain unprivileged unredacted records relating to Petitioner and (where appropriate) third-parties, subject to entry of this protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

At the request of counsel for Petitioner and Respondent ("Parties"), and in accordance with the terms of this Privacy Act Protective Order, under 5 U.S.C. § 552a(b)(11), Respondent is authorized to release to Petitioner, Petitioner's counsel, and the Court in this case, discovery containing unredacted identifying information of third parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents.  Such disclosure is subject to the following conditions:

1. The Parties agree that the terms of this Protective Order will govern the entirety of any and all information, documents, alien registration files, any law enforcement reports, probation and pre-sentencing reports, tangible things or electronic media or system produced by the United States in response to any disclosure obligation, discovery request, *Touhy* request, or subpoena, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials produced in discovery or will be produced through any further discovery taken in this case.

2. The parties expect that records to be provided by the federal government will contain third-party names, addresses, birth dates, social security numbers, alien numbers, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential and protected by this Protective Order.  All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

2

      (a)    Counsel of record for any Party and counsel of record's employees, including paralegals, clerical, and other para-professionals personnel who are actively engaged in this litigation; and

      (b)    This Court and its personnel, including court reporters, in connection with the Court's administration and adjudication of this action; and

      (c)    Individuals whose testimony is contemplated or actually taken in this action and their counsel, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order; and

      (d)    Expert witnesses or consultants retained by the Parties; and

      (e)    The author of the document or the original source of the information; and

      (f)    In the event of an appeal, any Court of Appeals and its personnel, in connection with the Court's administration and adjudication of this action.

4.    All persons listed in Paragraph 3(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 3(b)-(f) above, any confidential information, except as provided in this Protective Order.

5.    All persons listed in Paragraphs 3(c) and (d) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment form, attached as Exhibit A, agreeing to be bound thereby.  The signed Acknowledgment forms shall be maintained by Petitioner's counsel or Respondent's counsel.

6. To the extent that third-party identifying information, or personal information about a deponent (including information concerning, for instance, medical information, personnel information, or information that, if it had been in a written record, would be covered by the Privacy Act), is discussed in the course of a deposition, such confidential information must be designated as such by indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal if filed with the Court, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.  Additionally, such information shall not be disclosed outside of this litigation except as provided by this order.

7. No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made.  Where protected documents or information is used at a hearing, trial, or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal.  Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order.

8. Disputes regarding the treatment of protected information shall be handled as follows:  counsel for the Party disputing that a document, tangible thing, or electronic information contains protected information shall notify, in writing, opposing counsel of the nature of the challenge and the Parties shall meet and confer in a good faith effort to resolve the

dispute. In the event the Parties are unable to resolve the dispute, the Parties shall submit the dispute to the Court for resolution. Until the Court renders a determination that the document, tangible thing, or electronic information in dispute does not, in fact, contain protected information, the document, tangible thing, or electronic information in dispute shall continue to be treated in a manner consistent with this Order.

9. Under Federal Rule of Evidence 502, the parties agree, and this Court orders, that inadvertent disclosure of any document or any other information during the pendency of this case shall be without prejudice to any claims that any or all such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, or any relevant case law. No party to this Protective Order shall be held to have waived or forfeited any claim that any document or any other information is confidential, privileged or otherwise protected from discovery by such inadvertent disclosure. Any document, tangible thing, or electronic information so produced and subject to any subsequent claim of privilege, work-product protection or any other protection whatsoever, including protection under this Protective Order, shall be returned immediately to the requesting party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either: (i) the consent of the party, or (ii) Order of the Court. Nor will such document or information be subject to production (other than *in camera*) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

9. Within thirty (30) days of the final conclusion of this litigation, including any appeals, Petitioner's counsel shall collect all documents produced under this Protective Order that contain third-party identifying information, as well as any copies thereof, or any information

5

and notes derived therefrom, and shall return – without demand – such documents to Respondent's counsel.  Alternatively, Petitioner's counsel shall destroy the documents by shredding them and provide Respondent's counsel with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

10. Nothing in this Order waives any rights of any Party to assert, and/or object to, a claim of any privilege as to these or similar documents.

11. Nothing in this Order shall prevent or in any way limit or impair the right or duty of the United States to disclose any protected information in accordance with law, including its obligations to provide documents or information to the United States Congress pursuant to a congressional request.

12. Nothing in this Order shall be deemed to restrict in any manner the use by any party of its own documents or materials.

13. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

14. Any disclosure of information related to a third-party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third party.

15. Any Party may apply to this Court at any time, upon proper notice as required by the rules of this Court, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

16. This Order shall be binding upon any present and future party or counsel in this civil action or any appeal.

17. This Order shall be effective and enforceable upon its signature by the Court.

| | |
|---|---|
| /s/ Mackenzie W. Mackins, Esq. <br> Mackins & Mackins, LLP <br> 14144 Ventura Blvd. Suite 270 <br> Sherman Oaks, CA 91423 <br> mwm@mackinslaw.com <br><br> /s/ Keri G. Nesbitt, Esq. <br> Mackins & Mackins, LLP <br> 14144 Ventura Blvd, Suite 270 <br> Sherman Oaks, CA 91423 <br> (818) 461-9462 <br><br> Counsel for Petitioner | CHAD A. READLER <br> Acting Assistant Attorney General <br> Civil Division <br><br> BRIENA STRIPPOLI <br> Senior Litigation Counsel <br> Office of Immigration Litigation <br><br> /s/ Rebekah Nahas <br> REBEKAH NAHAS <br> Trial Attorney <br> Office of Immigration Litigation <br> Civil Division <br> U.S. Department of Justice <br> PO Box 878, Ben Franklin Station <br> Washington, DC 20044 <br> (202) 598-2261 <br> Rebekah.nahas2@usdoj.gov <br> Counsel for Respondent <br><br> /s/ Erik R. Quick <br> ERIK QUICK <br> Trial Attorney <br> Office of Immigration Litigation <br> P.O. Box 878, Ben Franklin Station <br> Washington, D.C. 20044 <br> Telephone: (202) 353-9162 <br> e-mail: erik.quick@usdoj.gov <br><br> Counsel for Respondent |

**ORDER**

The Court has reviewed the above stipulated protective order and adopts it.  The Court also clarifies paragraph 8 to describe the procedure for seeking leave of court to file a motion challenging a confidentiality designation:  Counsel must receive permission from the Court following an informal telephone conference.  A party wishing to schedule such a conference should contact chambers at (559) 499-5962 to receive available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Prior to the conference, the Court will require the parties to submit letter briefs of no more than 3 pages in length to chambers for review.  Telephonic conferences will not be on the record and the Court will not issue a formal ruling at that time.  Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute.  If no resolution is reached, the Court will consider whether the filing of a formal motion is appropriate.

IT IS SO ORDERED.

Dated:   **February 16, 2017**                    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT

I, _____, [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *Giha v. Boente*, No. 1:16-CV-00893, and I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Arizona for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____
Printed Name: _____
Signature:      _____

9