# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALEB FARES GIHA,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III,<br>U.S. Attorney General,<br><br>Respondent. | Case No. 1:16-cv-00893-EPG<br><br>**ORDER DIRECTING ADDITIONAL DISCOVERY**<br><br>**ORDER GRANTING THE MOTION TO HOLD PRE-TRIAL CONFERENCE IN ABEYANCE PENDING ADJUDICATION OF MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 42, 54) |

This matter was transferred from the United States Court of Appeals for the Ninth Circuit on June 23, 2016, for a *de novo* review of Caleb Fares Giha's ("Petitioner") claim of derivative citizenship pursuant to former 8 U.S.C. § 1432. (ECF No. 1). Petitioner is currently detained by Immigration and Customs Enforcement pursuant to a temporary stay of removal pending resolution of his claims.

On September 28, 2017, Respondent moved for summary judgment. (ECF No. 42). Respondent argues that Petitioner is unable to show that his biological parents were legally separated, and thus, cannot demonstrate citizenship eligibility under § 1432(a). This argument turns in part on the factual finding that his biological mother has a prior outstanding marriage and was not divorced.

1

On December 21, 2017, Petitioner submitted his opposition to the motion for summary judgment. (ECF No. 50). In his opposition, Petitioner disputes that his mother was not divorced. He argues that individuals appear to be required to register their divorces in RENIEC—a database that maintains the marital status records of citizens in all municipalities in Lima, Peru—and it is reported that individuals who have had divorces continue to appear married in the database. Petitioner requests further discovery with the assistance of an expert in Peruvian family law to determine if there is a disconnect between divorce proceedings in municipal courts in Peru and the RENIEC database.

On January 11, 2018, Respondent submitted its reply. (ECF No. 53). Respondent argues that further discovery is not warranted because Petitioner has not shown good cause or due diligence in requesting additional discovery.

On February 5, 2018, Petitioner filed a motion to hold the pre-trial conference in abeyance pending adjudication of the motion for summary judgment. (ECF No. 54). The motion is unopposed.

After careful consideration of the parties' papers and the relevant legal authority, the Court finds good cause and grants limited additional discovery as described below. While the Court recognizes that Petitioner was represented by counsel for a large portion of the proceedings, it is also aware that his counsel was constrained in her representation by the failure to obtain payment both for herself and for her expenses. Indeed, her desire to withdraw from the case was in part because she did not feel she could adequately represent Petitioner without such expenses. Thus, the Court cannot conclude that Petition had an adequate opportunity to obtain this discovery with due diligence. While the additional discovery will delay these important proceedings, the Court will only permit a brief extension to limit the extent of any such prejudice.

Accordingly, it is HEREBY ORDERED that:

1. The parties are DIRECTED to conduct additional discovery limited to the following:

    a. Whether there is a disconnect between divorce proceedings in municipal courts in Peru and the RENIEC database; and

b. Whether, relevant to the time period at issue in this case, the Civil Code of Peru, or any applicable law of Peru, mandates that individuals register all divorce decrees with the municipality in which a marriage occurred in order to enter into a subsequent marriage or de facto union.

2. Respondent has leave to file a supplemental brief regarding such discovery and the effect on the issues no later than April 10, 2018. If Respondent files such a supplemental brief, Petitioner shall then have 21 days to file a supplemental responsive brief;

3. The parties must file all provisions of law relied upon in addition to a certified translation of such provision;

4. The Motion to Hold Pre-trial Conference in Abeyance, (ECF No. 54), is GRANTED; and

5. All other dates not referenced in this order are VACATED. The Court will reset a pretrial conference after ruling on the Motion for Summary Judgment to the extent still necessary.

IT IS SO ORDERED.

Dated: **February 8, 2018**

/s/ Erin P. Grog
UNITED STATES MAGISTRATE JUDGE